IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEAH CRAWLEY-KELSEY ) | |
| ) | |
| v. ) | No. 3-09-0698 |
| ) | |
| THE HARTFORD INSURANCE ) | |
| COMPANY; THE HARTFORD ) | |
| FINANCIAL SERVICES GROUP, ) | |
| INC.; THE HARTFORD-BENEFIT ) | |
| MANAGEMENT SERVICES; and ) | |
| THE HARTFORD-DISABILITY CLAIM ) | |
| APPEAL UNIT ) | |

O R D E R

On September 18, 2009, Hartford Life and Accident Insurance Company filed an answer (Docket Entry No. 15) to the plaintiff's original complaint.

However, the plaintiff filed an amended complaint on September 3, 2009 (Docket Entry No. 10), no defendant having filed or served an answer before September 3, 2009.

However, the plaintiff did not include a certificate of service on the amended complaint nor is there any indication that the plaintiff served any defendant with the amended complaint.

The plaintiff is specifically advised that any filing that she makes in this case must include a certificate of service indicating that a copy of the filing has been sent to the defendant(s)' attorney, at what address, by what means (e.g., by first class mail), and on what date.

The defendant(s) shall file a response to the plaintiff's amended complaint by October 22, 2009.

Each party is responsible for making and obtaining copies of any documents or filings made in this case. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in this case, the party should contact the Clerk's office to obtain copies. The cost of copying is fifty cents per page.

The parties are required to keep both the Court and the opposing party or opposing party's counsel informed of their current addresses. The plaintiff's failure to keep the Court informed of her

current address may result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with the Court's order.

The defendant(s) shall have until November 18, 2009, to file a motion to dismiss any defendants believed to be improperly named and/or to substitute therefor Hartford Life and Accident Insurance Company. The plaintiff shall have 20 days from the filing of any such motion to file a response.

The parties are not required to exchange initial disclosures as otherwise required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

The defendant(s) shall have until November 18, 2009, to file the Administrative Record and to serve the plaintiff with a copy of the Administrative Record.

The plaintiff shall have until December 8, 2009, to file a motion to supplement or correct the Administrative Record if she believes that any portions of the administrative proceedings have been omitted from the Administrative Record. The defendant(s) shall have two (2) weeks from the filing of any such motion to file a response.

The plaintiff shall have until January 11, 2010, to file any motion to take limited discovery. The defendant(s) shall have two (2) weeks from the filing of any such motion to file a response.

The parties shall have until January 29, 2010, to file any motion to amend the pleadings.

If no discovery is requested or permitted, the parties shall have until February 17, 2010, to file motions for judgment on the Administrative Record. See Wilkins v. Baptist Healthcare, 150 F.3d 609 (6th Cir. 1998). Any response to such a motion shall be filed within 30 days of the filing of such motion.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

2

Case 3:09-cv-00698   Document 17   Filed 10/08/09   Page 2 of 2 PageID #: 62