IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEAH CRAWLEY-KELSEY | ) | |
| | ) | |
| v. | ) | No. 3-09-0698 |
| | ) | |
| THE HARTFORD INSURANCE COMPANY; THE HARTFORD FINANCIAL SERVICES GROUP, INC.; THE HARTFORD-BENEFIT MANAGEMENT SERVICES; and THE HARTFORD-DISABILITY CLAIM APPEAL UNIT | ) ) ) ) ) ) ) | |

TO:       Honorable Aleta A. Trauger, District Judge

REPORT AND RECOMMENDATION

I. BACKGROUND

The plaintiff, proceeding pro se and informa pauperis, filed this action on July 30, 2009, against The Hartford Insurance Company, The Hartford Financial Services Group, Inc., the Hartford Benefit Management Services, and The Hartford Insurance Disability Claim Appeal Unit, seeking retroactive restoration of her benefits and future benefits, along with "all attorney and consultant fees," in accord with a disability plan under which she was covered while an employee of the Metropolitan Nashville and Davidson County Public Schools. In her initial complaint, the plaintiff clearly asserted a claim under section 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), by specifically citing to the Act and two ERISA cases.[1]

---

[1] In reply to the defendant's response (Docket Entry No. 63) to the plaintiff's motion to dismiss the administrative record (Docket Entry No. 62), the plaintiff asserts that the plan under which she is covered is not an ERISA plan, pursuant to 29 U.S.C. § 1003(b)(1). See Docket Entry No. 64, at 1. The plaintiff also attached to that filing a letter from the Director of Employee Benefit Services for the Metropolitan Nashville Public Schools, dated April 1, 2010, who writes that the "Metro Professional Employee Insurance Trust is not governed by ERISA. Being a governmental

By order entered July 30, 2009 (Docket Entry No. 4), this case was referred to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), case management, decision on all pretrial, nondispositive motions, report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

After a review of the complaint and by order entered August 7, 2009 (Docket Entry No. 5), the Court found that the plaintiff's claims were not facially frivolous. As a result, the plaintiff was directed to return completed summons for issuance and service on the defendants, which she timely filed, and summons were issued by the Clerk on the named defendants.

On August 19, 2009, the plaintiff moved to amend her complaint to provide "clarification," to include in her prayers for relief punitive damages and interest, and to seek a jury trial.[2] See Docket Entry No. 7. Because the plaintiff was entitled under Rule 15(a) of the Federal Rules of Civil Procedure[3] to amend her complaint without leave of Court under Rule 15(a), her motion was granted by order entered September 3, 2009 (Docket Entry No. 9), and her amended complaint was filed (Docket Entry No. 10). On September 18, 2009, Hartford Life and Accident Insurance Company filed an answer (Docket Entry No. 15) to the original complaint, asserting that it was incorrectly named in the plaintiff's complaint as Hartford Financial Services Group and Hartford Benefit Management Services Group.

---

plan we do not fall under their (sic) jurisdiction." Docket Entry No. 64-2. The plaintiff did not, however, raise this issue in the context of her response to the instant motion to dismiss and, for the purposes of addressing that motion herein, the Court has assumed that ERISA applies.

[2] The defendants suggest that the plaintiff added two new defendants in her amended complaint, see Docket Entry No. 30, at 2, but it appears to the Court that all four defendants were originally named as defendants in the original complaint, although the "The Hartford Insurance Disability Claim Appeal Unit" was changed in the amended complaint to "The Hartford-Disability Claim Appeal Unit."

[3] Rule 15 was amended effective December 1, 2009, so the prior version of Rule 15 was applicable. However, the plaintiff would have been entitled to amend her complaint without Court approval under either version of Rule 15, since the defendants had not yet been served with the initial complaint.

2

By order entered October 8, 2009 (Docket Entry No. 17), deadlines were established, inter alia, for the defendant(s) to file a response to the plaintiff's amended complaint, for the defendant(s) to file any motion to dismiss any defendants that they believed to be improperly named and/or to substitute therefor Hartford Life and Accident Insurance Company,[4] and for the defendant(s) to file the Administrative Record.

On October 20, 2009, Hartford Life and Accident Insurance Company filed an answer (Docket Entry No. 22), to the amended complaint, asserting that it was incorrectly named in the amended complaint as The Hartford Insurance Company, The Hartford Financial Services Group, The Hartford Benefit-Management Services Group, and The Hartford-Disability Claim Appeal Unit, and, on November 19, 2009, filed a Notice of Filing Administrative Record (Docket Entry No. 28), which had been filed on November 18, 2009. See Docket Entry Nos. 25-27.[5]

Thereafter, the defendants filed the instant motion to dismiss and to substitute (Docket Entry No. 29), seeking to dismiss The Hartford Insurance Company, The Hartford Financial Services Group, The Hartford Benefit-Management Services Group, and the Hartford-Disability Claim Appeal Unit as defendants and to substitute therefor Hartford Life and Accident Insurance Company as the sole defendant in this case. The plaintiff has filed a response in opposition (Docket Entry No. 41), to which the defendants have filed a reply (Docket Entry No. 53).

---

[4] The defendants suggest that the Court ordered them to file a motion to dismiss. See Docket Entry No. 30, at 2. The Court did not direct that such a motion be filed. Rather, the Court simply provided a deadline for the defendants to file a motion to dismiss any defendants "believed to be improperly named." See Docket Entry No. 17, at 2.

[5] The record of the filing of the administrative record is confusing. Inexplicably, it appears that, on October 26, 2009, the plaintiff filed a Notice of Filing Documents (Docket Entry No. 24), to which she attached a portion of the administrative record. Thereafter, the defendant filed the full administrative record, but attached a copy of the plaintiff's Notice of Filing Documents, see Docket Entry No. 25, making it appear that the plaintiff had filed the full administrative record. In the defendant's Certificate of Service filed on November 19, 2009 (Docket Entry No. 31), defendant's counsel certified that she sent a copy of the administrative record to the plaintiff on November 19, 2009, so it would have been impossible for the plaintiff to have filed any portion of the record on October 26, 2009. The documents filed on October 26, 2009, appear to be some of the same documents included in the administrative record, but are clearly not all documents contained in the administrative record.

3

For the reasons provided below, it is recommended that the defendant's motion to dismiss and to substitute (Docket Entry No. 29) be granted.

## II.  DISCUSSION

A.  Standard of Review

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all well-pled allegations contained in the complaint, and construe the complaint liberally in the light most favorable to the pro se plaintiff.  League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  See also Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Performance Contracting, Inc., v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987).  While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bovee v. Coopers & Lybrand, C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).

Thus the factual allegations in a complaint must be enough to show a plausible right to relief "above the speculative level."  Twombly, 550 U.S. at 555.  More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).  The Court need not accept as true legal conclusions or unwarranted factual inferences.  See Gregory v. Shelby County, 220 F.3d 433,

4

446 (6th Cir. 2000). Pleading facts that are "'merely consistent with' a defendant's liability" or facts that do not "permit the court to infer more than the mere possibility of misconduct" is not sufficient. Iqbal, 129 S.Ct. at 1949-50 (citing Twombly, 550 U.S. at 557). The factual allegations, taken to be true, "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008), cert. denied, __ U.S. __, 129 S.Ct. 903, 173 L.Ed.2d 158 (2009) (emphasis in original), quoting League of United Latin Am. Citizens, 500 F.2d at 528, quoting Twombly, 550 U.S. at 555.

B.  The Parties' Positions

The defendants contend that as the insurer of the long term disability plan in this case, Hartford Life and Accident Insurance Company is the only proper defendant under ERISA since any benefits awarded to the plaintiff under the plan would be paid by Hartford Life and Accident Insurance Company and since Hartford Life and Accident Insurance Company not only insures the Plan but also has the authority to determine claims and benefit eligibility.

In response, the plaintiff agrees that Hartford Life and Accident Insurance Company should be added as a defendant, but contends that the previously named defendants should not be dismissed. Specifically, the plaintiff maintains that (1) Hartford Life and Accident Insurance Company is a member of The Hartford Insurance Group "[a]s well as the insurer and designated administrator of the (Short Term Disability/Long Term Disability) Plan of which the Plaintiff was a member;" (2) The Hartford Financial Services Group, Inc. is a "publicly traded corporation that has no parent corporation and wholly owns" Hartford Life and Accident Insurance Company, and that "The Hartford" is comprised of The Hartford Financial Services Group, Inc. and its subsidiaries; (3) The Hartford Benefit Management Services has "handled the majority of the communication (sic) between attorney, physicians, and plaintiff" and has acted in the "capacity of 'the command station or hub,' for these communications, as well as processing decisions related to Plaintiff's benefit

5

management," served as the "payer of Plaintiff's monthly benefit payment,"[6] and made the decision to terminate the plaintiff's benefits; and (4) The Hartford-Disability Claim Appeal Unit "received and allegedly processed both appeals, submitted by Plaintiff and Plaintiff's attorney." Docket Entry No. 41, at 1-2.

In the reply, the defendant points to the policy at issue which provides that Hartford Life and Accident Insurance Company makes the determination on whether benefits are payable and pays benefits. In addition, the defendant contends that allowing unnecessary defendants to remain would "merely confuse the issues and make the preparation of this case and the presentation of the case to the Court more complicated and cumbersome." Docket Entry No. 53, at 3.

C.     The Policy

The plan at issue is entitled "Group Long Term Disability Plan for employees of Metro Nashville Professional Employees Insurance Trust." See Docket Entry No. 27-4, at 114. The plan designated Hartford Life and Accident Insurance Company as the "claims fiduciary for benefits" under a group insurance policy, and granted the Hartford Life and Accident Insurance Company "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." Id.

The policy issued by Hartford Life and Accident Insurance Company provides that "[w]hen we determine that you are Disabled and eligible to receive benefits, we will pay accrued benefits at the end of each month that you are Disabled." Id. at 48 and 105. The reference to "we" is specifically defined as the Hartford Life and Accident Insurance Company. Id. at 35. Under the policy, Hartford Life and Accident Insurance Company has "full discretion and authority to determine eligibility for benefits . . . ." Id. at 46. See also id. at 114.

---

[6] It appears that the plaintiff was initially approved for long term disability benefits on December 30, 2004, under the standard of being disabled from her own occupation, see Docket Entry No. 27-3, at 52-54, but that she was later denied further benefits under the standard of being disabled from any occupation.

6

Although generally the Court may not consider matters outside the pleadings in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to a motion for summary judgment, there are exceptions to that rule. Such documents may be considered in ruling on a motion to dismiss if they were referenced in the complaint and are central to the plaintiff's claims.[7] See Greenberg v. The Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999); Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997); In re Ford Motor Co. ERISA Litigation, 590 F.Supp.2d 883, 903 (E.D. Mich. 2008); In re Cardinal Health, Inc. ERISA Litigation, 424 F.Supp.2d 1002, 1016 (S.D. Ohio 2006); Moeckel v. Caremark RX Inc., 385 F.Supp.2d 668, 673 (M.D. Tenn. 2005) (Trauger, J.). In her amended complaint, the plaintiff appears to have incorporated her original complaint in which she had referred to the plan and to which she attached copies of correspondence about her claim and appeal for long term disability benefits under the group insurance policy at issue. See Docket Entry No. 1-1, at 5, 7, and 13-18. Clearly, the policy itself is central to the plaintiff's claims.

D.  The Current Defendants

It appears that the plaintiff contends that The Hartford Insurance Company should remain as a defendant because Hartford Life and Accident Insurance Company is a member of The Hartford Insurance Group. See Exhibit A to the plaintiff's response (Docket Entry No. 41-1). While that may be true, it is of no import and does not rebut the defendant's contention that it is Hartford Life and Accident Insurance Company that makes the determination of whether benefits are payable and is responsible for paying benefits. The plaintiff concedes that Hartford Life and Accident Insurance Company is indeed the insurer and "designated administrator" of the plan. Thus, the only question

---

[7] Normally this situation arises when the plaintiff does not attach the document at issue to the complaint, but a defendant attaches it to a motion to dismiss. In this case, however, the document at issue is included in the Administrative Record and the plaintiff does not dispute that the policy included in the Administrative Record is the correct and accurate policy at issue in the case.

7

is the scope of the duties assigned to Hartford Life and Accident Insurance Company, which is answered in the policy itself, as addressed above.

The plaintiff contends that The Hartford Financial Services Group, Inc. should remain as a defendant because it is publicly traded, has no parent corporation, wholly owns the Hartford Life and Accident Insurance Company, and because "The Hartford" is comprised of the Hartford Financial Services Group, Inc. and its subsidiaries. While all of that may be true, those facts do not provide the requisite factual basis to support a finding that The Hartford Financial Services Group, Inc. is a proper defendant in this case.

The plaintiff contends that The Hartford Benefit Management Services is a proper defendant because it handled communications, processed benefit management decisions, was the plaintiff's payor, and was the decision-maker that terminated the plaintiff's benefits. While those facts, if true, do have legal significance, the policy itself belies the plaintiff's assertions about the role of The Hartford Benefit Management Services. The document provided by the plaintiff in support of her position, see Docket Entry No. 41-3, was generated by The Hartford and appears to reference "Benefit Mgt. Servs." as the "processor"[8] of the document. The document recites the benefits provided to the plaintiff for the month of May 2006, but provides no support for the plaintiff's assertion that the money for the plaintiff's initial benefits came or would come in the future from an entity called The Hartford Benefit Management Services or that The Hartford Benefit Management Services made the decision to terminate her benefits. When faced with the clear provision in the policy itself contained in the Administrative Record, the Court cannot find that the plaintiff's allegations against The Hartford Benefit Management Services rise above "speculation or suspicion" and clearly do not show that the plaintiff would be entitled to any relief from The Hartford Benefit Management Services. See Twombly, 550 U.S. at 555; League of United Am. Citizens, 500 F.3d at 528.

---

[8] Part of the word was apparently cut off during copying but the Court surmises that the word "cessor" was "processor" in the original document.

Finally, the plaintiff contends that The Hartford-Disability Claim Appeal Unit is a proper defendant because it "received and allegedly processed" her appeals. Docket Entry No. 41, at 1-2. It can be inferred from the name of this defendant that it is a "unit" whose employees process appeals. No reasonable inference based on the plaintiff's allegations about the role of this unit can be made to suggest that it is a separate, legal entity, much less provide a plausible right to recovery. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

While the Court acknowledges the confusion borne of the fact that the plaintiff received communications about her eligibility for benefits from differently named organizations, entities or "units," the bottom line remains that the plaintiff's assertions of liability on the part of any defendant other than Hartford Life and Accident Insurance Company are without any factual or legal support. Hartford Life and Accident Insurance Company has clearly acknowledged its responsibility for making the decision to terminate the plaintiff's benefits and for paying any benefits that the Court might find are due the plaintiff. Hartford Life and Accident Insurance Company will be estopped from denying that responsibility in the event that it is determined that the plaintiff is entitled to benefits.

Although often the issue of who is the proper defendant revolves around the employer, the plan, or the plan administrator, the gravamen of the analysis is the same in this case, i.e., what entity "control[s] the administration of a plan." See Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988). While the "proper defendant" analysis is not always easy,[9] courts have interpreted Eaton differently, and some courts have held that only the plan itself or the plan administrator is the proper defendant, it is not necessary to delve into that quagmire in this case because the plaintiff does not seek to name her employer, the plan itself or the plan administrator. Rather, the plaintiff has focused on what entities or iterations of The Hartford are proper defendants in this case. Clearly, Hartford

---

[9] See, e.g., Moore v. Menasha Corp., 634 F.Supp.2d 865 (W.D. Mich. 2009); Sullivan v. Cap Gemini Ernst & Young U.S., 573 F.Supp.2d 1009, 1016-17 (N.D. Ohio 2008).

9

Life and Accident Insurance Company is the one Hartford entity that controls the administration of the plan.

### III. RECOMMENDATION

For the above stated reasons, it is recommended that the defendant's motion to dismiss and to substitute (Docket Entry No. 29) be GRANTED, that defendants The Hartford Insurance Company, The Hartford Financial Services Group, Inc., The Hartford-Benefit Management Services, and The Hartford-Disability Claim Appeal Unit be DISMISSED, and that Hartford Life and Accident Insurance Company be substituted as the sole defendant.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge