IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEAH CRAWLEY-KELSEY            )
                              )
v.                            )        No. 3-09-0698
                              )
THE HARTFORD INSURANCE        )
COMPANY; THE HARTFORD         )
FINANCIAL SERVICES GROUP,     )
INC.; THE HARTFORD-BENEFIT    )
MANAGEMENT SERVICES; and      )
THE HARTFORD-DISABILITY CLAIM )
APPEAL UNIT                   )

O R D E R

The plaintiff's motion to supplement and to correct the administrative record (Docket Entry No. 52) is DENIED in substantial part as provided herein.

In her motion, the plaintiff asks the defendants to provide: (1) written copies of all telephone consultations with her physicians; (2) the meanings of frequently sued abbreviations in the administrative record; (3) a copy of MSS form completed by Dr. Berlachich; (4) official documentation of plaintiff's employer; (5) evidence that plaintiff's disability policy is governed by ERISA; (6) a copy of Dr. Dole's Comprehensive Independent Medical Evaluation ("IME"); (7) copies of the two employability analysis reports; (8) a copy of CCM Employability Analysis Review; (9) the forms/reports provided by Dr. Hunter; and (10) the names of persons generating a report and criteria used to change variables in the Adjusted Variables Summary.

In their response (Docket Entry No. 55), the defendants construe the plaintiff's request as one to identify the location of documents that, with one exception, are already in the administrative record. However, the defendants represent that they will provide explanations to the plaintiff of the standard abbreviations used in the administrative record, if the plaintiff provides the precise pages upon which those abbreviations appear.

In their response, the defendants also concede that Dr. Dole's IME is referenced in the administrative record but it not included in the record. Since it was an evaluation "relied upon in

the determinations made with respect to plaintiff's claim," the defendants agreed to produce a copy of the document.

The plaintiff did not file a specific reply to the defendants' response, nor did the defendants amend their response to the plaintiff's motion. However, in response to the plaintiff's motion to amend, defendants relate that, upon further investigation, they have been unable to locate any records relating to Dr. Dole's IME and "it appears that any notation to such an evaluation may have been in error." Docket Entry No. 60, at 2. The defendants continue:

> According to the administrative record, on or about March 16, 2007, during the appeal of plaintiff's claim for long-term disability benefits, Hartford learned that some of the medical records contained within the claim file and provided to Reed Review Services contained medical records for a different claimant. [Docket Entry No. 25-2, at 102] In order to correct this administrative error, Hartford sent another complete copy of the medical records for plaintiff to Reed Review Services to be reviewed once again by the independent peer review physicians. [Id. at 100] On April 5, 2007, the independent peer review physicians submitted a second report based upon their "re-review" of the file, which did not include any evaluation by Dr. Dole. [Id. at 62-74] In examining the medical records listed by the independent peer review physicians in the February 12, 2007, report, as compared to the April 5, 2007, report, it is apparent that no records were provided from Dr. Dole in the April 5, 2007, "re-review" of the claim file. [Cf. Docket Entry No. 25-6, at 29-38 with Docket Entry No. 25-2, at 62-74] Accordingly, defendants have been unable to locate and do not believe that there are records from Dr. Dole to be produced in this matter. The administrative record filed with the Court (Docket Nos. 25-27) is complete.

Id. at 60, at 2-3.

It is regrettable that erroneous information was included in the administrative record, but the plaintiff has not provided any support for a conclusion that any documents related to another claimant was considered in the ultimate review of her claim. The Court cannot order that the administrative record be supplemented to include Dr. Dole's IME of the plaintiff when Dr. Dole never conducted an IME of the plaintiff and his report never should have been included in the record.

Because the plaintiff clearly identified a document referred to in the administrative record that was not only not included in the record but was also a document related to another claimant to whom no reference should have been made in the administrative record for the plaintiff, the Court has reviewed the administrative record and determined the following:

2

1.     The plaintiff indicates that the completed forms from Dr. Hunter, requested by Veronica Elliott, on January 18, 2006, and the report from Dr. Hunter requested on February 28, 2006, by Geraldine Martinez are not included in the record. However, Dr. Hunter's response, dated January 20, 2006, to Ms. Elliott's letter of January 18, 2006, is included in the record. See Docket Entry No. 26-1 at 83-84. Likewise, Dr. Hunter's response to Ms. Martinez's February 28, 2006, letter is also in the record. See Docket Entry No. 25-6, at 20-21.

2.     The plaintiff indicates that the Medical Source Statement ("MSS") form completed by "Dr. Berklachich (sic)" is not in the record. However, the plaintiff's attorney submitted that statement as an attachment to a copy of a letter written during his representation of the plaintiff in her application for Social Security benefits. It is in the administrative record. See Docket Entry No. 25-6, at 54-57.

3.     The plaintiff seeks written copies of all telephone consultations with plaintiff's physicians. The administrative record includes typewritten descriptions of conversations with plaintiff's physicians. The Court assumes that there are no other memorializations of those conversations.

4.     The plaintiff seeks copies of the "two employability analysis reports" referenced in the record, and a complete copy of the "CCM Employability Analysis Review from Valerie Allen (4/4/07)." It appears to the Court that the July 13, 2006, employability analysis is in the record at Docket Entry No. 25-4, at 71-75, and Docket Entry No. 25-5, at 1-21, and that the April 4, 2007, analysis is included in the record at Docket Entry No. 25-2, at 75-94.

The plaintiff also sought the meanings of frequently used abbreviations in the administrative record. The defendant has agreed to provide the plaintiff with explanations of abbreviations identified by the plaintiff if the plaintiff provides the page numbers where those abbreviations appear.[1] If the parties have not already done so, the defendants shall provide explanations of those

---

[1] The plaintiff should not be required to identify more than one page upon which each abbreviation appears.

3

abbreviations listed in her motion, upon receipt of a listing from the plaintiff of page numbers on which the abbreviations appear.[2]

The plaintiff also sought "official documentation of plaintiff's employer" and "evidence that plaintiff's disability policy is governed by ERISA." There is no indication that such documents should be in the administrative record or were presented to or available to the defendant in making the determination to terminate the plaintiff's benefits.

By separate order, however, the Court has addressed the plaintiff's suggestion that this case may not be covered by ERISA.

Finally, the plaintiff sought names of persons generating reports and criteria used in the Adjusted Variables Summary. The plaintiff is not entitled to supplement or correct the record to include matters outside the record.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[2] The defendants have asked the plaintiff to provide the "DEF" number on the pages at issue. That is the number labeled by the defendants at the bottom right hand portion of each page of the administrative record. (Those page numbers do not necessarily correspond to the page numbers on the docket.)

4