IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEAH CRAWLEY-KELSEY )
)
v. ) No. 3-09-0698
)
THE HARTFORD INSURANCE )
COMPANY; THE HARTFORD )
FINANCIAL SERVICES GROUP, )
INC.; THE HARTFORD-BENEFIT )
MANAGEMENT SERVICES; and )
THE HARTFORD-DISABILITY CLAIM )
APPEAL UNIT )

O R D E R

The plaintiff's motion for limited discovery (Docket Entry No. 54) is DENIED.

In her motion, the plaintiff seeks discovery

to properly obtain answers to questions that will produce vital information that will affect the outcome of this case. Plaintiff is in need of obtaining discovery regarding this complaint. [] The discovery requested is crucial to the Plaintiff's claims in this matter.

Assuming this case is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., the plaintiff is not entitled to discovery unless she has made a procedural challenge to the decision to terminate her benefits, such as lack of due process or alleged bias. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619 (6th Cir. 1998). In neither her initial complaint nor her amended complaint nor her motion itself has the plaintiff made such a challenge. In her motion, the plaintiff simply contends that discovery is important. Neither did the plaintiff indicate in her motion what discovery she proposed or for what purpose. The plaintiff's conclusory statement that discovery will produce "vital information" or be "crucial" to her claims is insufficient.

While this Court has permitted limited, narrowly tailored discovery when a procedural challenge has been made without a threshold showing of a basis for such challenge, see Kinser v.

Lincoln Nat'l Life Ins. Co., 660 F.Supp.2d 830 (M.D. Tenn. 2009) (Trauger, J.),[1] there must be some procedural challenge made. The plaintiff has made none.

However, in the plaintiff's motion to amend (Docket Entry No. 59), the plaintiff asks the Court to "uphold" her "request for limited discovery, in order to prove with evidence, that there has been a conflict of interest as well as arbitrary decisions made to wrongfully deny" her benefits. An inherent conflict of interest exists when the defendant is both the plan administrator and pays benefits. That conflict of interest is a factor that the Court must consider when reviewing the determination to terminate or deny the plaintiff benefits. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). It is not necessary to conduct discovery simply to prove that the defendant has a conflict of interest since the plaintiff does not have the burden of proving the existence of such a conflict of interest. The arbitrariness of the decision to terminate the plaintiff's benefits is the ultimate issue in this case and can and must be addressed based on the administrative record.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] See also Phillips v. The Guardian Life Ins. Co. of Am., 3-08-0660 (M.D. Tenn. Sept. 30, 2009) (Griffin, M.J); Myers v. Prudential Ins. Co. of Am., 581 F.Supp.2d 904 (E.D. Tenn. 2008); Pratt v. Walgreen Income Protection Plan for Store Managers, 3-05-0162 (M.D. Tenn. Dec. 6, 2005) (Echols, J.); Jordan v. Tyson Foods, Inc., 3-05-0513 (M.D. Tenn. Dec. 22, 2005) (Knowles, M.J.). Contra Williams v. Jefferson Pilot Fin. Ins. Co., 3-08-0001 (M.D. Tenn. Mar. 16, 2009) (Bryant, M.J.).