IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEAH CRAWLEY-KELSEY | ) |
| | ) |
| v. | ) No. 3-09-0698 |
| | ) |
| THE HARTFORD INSURANCE | ) |
| COMPANY; THE HARTFORD | ) |
| FINANCIAL SERVICES GROUP, | ) |
| INC.; THE HARTFORD-BENEFIT | ) |
| MANAGEMENT SERVICES; and | ) |
| THE HARTFORD-DISABILITY CLAIM | ) |
| APPEAL UNIT | ) |

O R D E R

The defendant's motion to strike jury demand and claims for compensatory and punitive damages (Docket Entry No. 57) is GRANTED as provided herein.

In her original complaint, the plaintiff sought restoration of her benefits under a long term disability plan, both "retroactive and forward" to be paid "in one lump sum," and attorney and consultant fees. In her amended complaint (Docket Entry No. 10), she also sought compensatory and punitive damages and interest on "benefits denied as of August 21, 2006," and she demanded a jury trial. The plaintiff has not specifically responded in opposition to the motion, but in her motion to amend pleadings (Docket Entry No. 59), the plaintiff explains that she seeks punitive damages "due to, defendant's capricious denial process, multiple hardships and harassments, threats of withholding benefits checks continuously monthly endured by plaintiff . . . ." See Docket Entry No. 59.

Assuming this case is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., the plaintiff is not entitled to compensatory damages, punitive damages, or a jury trial. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615-16 (6th Cir. 1998). The defendants did not seek to strike the plaintiff's claims for attorney's fees and prejudgment interest. While suggesting that such claims are preempted, the defendants specifically refer to 29 U.S.C. § 1132(g), which permits an award of attorney's fees and prejudgment interest.

However, the Court notes that the plaintiff is proceeding pro se (without an attorney) and therefore is not entitled to any attorney's fees.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge