IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEAH CRAWLEY-KELSEY )
)
v. ) No. 3-09-0698
)
THE HARTFORD INSURANCE )
COMPANY; THE HARTFORD )
FINANCIAL SERVICES GROUP, )
INC.; THE HARTFORD-BENEFIT )
MANAGEMENT SERVICES; and )
THE HARTFORD-DISABILITY CLAIM )
APPEAL UNIT )

O R D E R

The plaintiff's motion to dismiss the administrative record (Docket Entry No. 62) is DENIED. Basically, the plaintiff seeks to strike the administrative record because it was "contaminated with medical records from another claimant's file during plaintiff's appeal process," and thus "decisions were based upon erroneous information," leading to the denial of the plaintiff's benefits.

As the defendants maintain in their response (Docket Entry No. 64), a review of the administrative record must be conducted by the Court in any case governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The Court cannot simply dismiss or strike the administrative record. By orders entered October 8, 2009 (Docket Entry No. 17), December 4, 2009 (Docket Entry No. 38), and December 22, 2009 (Docket Entry No. 45), the Court specifically provided the plaintiff an opportunity to bring to the attention of the Court and the defendants any errors or omissions in the administrative record. The plaintiff did so in her motion to supplement or correct the administrative record (Docket Entry No. 52). Because the defendants acknowledged the erroneous inclusion of a report by Dr. Dole, whom the plaintiff had never seen, the Court engaged in an in-depth review of the record to determine if other documents,

noted by the plaintiff, were omitted from the record. Her motion to supplement or correct the administrative record is addressed in a separately entered order.

In her reply (Docket Entry No. 64) to the defendants' response to her motion to dismiss the administrative record, the plaintiff argues that evidence suggests that the defendants were operating under a conflict of interest and that the defendant plan administrator was arbitrary in failing to consider the decisions of the Tennessee Consolidated Retirement Systems ("TCRS") and the Social Security Administration in awarding disability benefits to the plaintiff. By separate order, the Court noted that the inherent conflict of interest must be considered by the Court. All of these matters, however, go to the ultimate issue in this case and the plaintiff can--and should--raise them in the context of any motions for judgment on the administrative record.

In her reply, the plaintiff also contends, for the first time and despite her specific invocation in her complaint, that this case is not governed by ERISA. She specifically maintains that the plan under which she was covered is exempt from coverage under ERISA. See 29 U.S.C. § 1003(b)(1) (exempting governmental plan), and 29 U.S.C. § 1002(32) (defining "governmental plan" as a plan established or maintained for employees of the United States government, any state government or political subdivision of the state, or any agency of instrumentality of either). The plaintiff also attaches to her reply a letter from the Director of the Employee Benefit Services of the Metropolitan Nashville Public Schools, the plaintiff's former employer, who writes "The Metro Professional Employee Insurance Trust is not governed by ERISA. Being a governmental plan we do not fall under their (sic) jurisdiction." Docket Entry No 64-2.

The defendants did not respond to the plaintiff's assertion. The Court notes, however, that the plaintiff has not asserted any cause of action or claim other than ERISA.

Regardless, the plaintiff has raised a serious question of whether ERISA in fact governs this case.

Therefore, by September 24, 2010, the defendants shall file a position statement, setting out with specificity whether or not the plan at issue is exempted from ERISA coverage under 29 U.S.C.

§§ 1002(32) and 1003(b)(1) and addressing the April 1, 2010, letter from the Director of Employee Benefit Services for the Metropolitan Nashville Public Schools attached to the plaintiff's reply.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

3

Case 3:09-cv-00698   Document 72   Filed 09/07/10   Page 3 of 3 PageID #: 1637